SEWALL K. LOVEWELL & others *vs.* WESTCHESTER FIRE INSURANCE COMPANY.

SAME *vs.* RELIEF FIRE INSURANCE COMPANY.

Suffolk. Nov. 22, 23, 1877. — May 4, 1878. COLT & LORD, JJ., absent.

Patterns used in moulding castings, and of such a size and shape as to be applied and removed by the hands of one man, are tools, within the meaning of a policy insuring "fixed and movable machinery, engine, lathes and tools" of a manufacturer of machinery, parts of which are made by the use of such castings ; and a provision, excepting from the operation of the policy "jewels, plate, watches, ornaments, medals, patterns, printed music, &c., unless particularly specified," does not apply to such patterns.

TWO ACTIONS OF CONTRACT upon policies of insurance, issued by the defendants respectively on the plaintiffs' "fixed and

movable machinery, engine, lathes and tools," contained in the same building. The policy in the second case contained, in addition, the following provision, "this insurance does not apply to or cover jewels, plate, watches, musical or scientific instruments, (piano-fortes in dwellings excepted,) ornaments, medals, patterns, printed music, printed books, engravings, paintings, picture frames, sculpture, casts, models, or curiosities, unless particularly specified in this policy." The cases were tried together in the Superior Court, before *Wilkinson,* J., who refused to rule that certain patterns were included in the word "tools" in the policies, and directed a verdict for the plaintiffs in each case only for the amount admitted to be due. The plaintiffs alleged exceptions. It was agreed that if the ruling was correct, judgment was to be entered on the verdicts; if the patterns were covered by the policies or either of them, judgment was to be entered for the loss on patterns in addition. So much of the bill of exceptions as is necessary to the understanding of the point decided appears in the opinion.

*T. L. Livermore,* for the plaintiffs.

*A. Russ,* (*D. A. Dorr* with him,) for the defendants.

AMES, J. The plaintiffs were manufacturers of machinery, parts of which were made of cast iron. They were obliged to keep themselves supplied with wooden patterns in order to make the iron castings necessary to the completion of their machines, and their practice was to send these patterns to the various foundries from which they procured the castings. The case turns upon the question whether a policy insuring "their fixed and movable machinery, engine, lathes and tools" can properly be held to include these wooden patterns. If the patterns can fairly be said to be tools, it is immaterial that, instead of using them at their workshop, the plaintiffs were in the habit of sending them to the foundries as occasion required.

It was correctly ruled at the trial that parol evidence was inadmissible for the purpose of showing that the parties intended to include the patterns under the general term "tools." There being no ambiguity in the terms of the policy, and no claim that its meaning was modified by any understood or established usage, it can only be construed according to the natural and ordinary meaning of the language in which it is expressed.

The usual meaning of the word "tool" is "an instrument of manual operation," that is, an instrument to be used and managed by the hand instead of being moved and controlled by machinery. We see no ground for holding that these patterns are machines or parts of machines. As we understand the case presented, they, or some of them at least, were not raised or lowered by machinery, but were of such a size and shape that they were applied and removed by hand. They are described as various in size and shape, some of them being subdivided into separate parts, and easily movable by the hand of one man. They are used in making the moulds in which the castings receive their shape, and without which the castings could not be made at all. The moulds are formed by having an exact impression of the pattern upon masses of compact sand made as nearly solid as possible; and if this were done by forcibly pressing the pattern into the mass of sand, it might well be considered a tool or implement of manual use. It is not easy to see why it should be any the less so, for the reason that the sand is pressed and "compacted" around the pattern. It is still an instrument managed directly by the hand for the purpose of performing one of the processes of manufacture. The word "tool," as defined by the lexicographers, is usually illustrated by giving as instances the hammer, the axe and the saw; but these are illustrations merely and not definitions. In considering the question as to what property of a debtor may be protected from attachment, the court has not unfrequently said in substance that the tools and implements necessary to his trade or business must be of simple construction and moderate value in order to be so exempt. *Danforth* v. *Woodward*, 10 Pick. 423. But the decisions upon this point do not turn upon the precise distinction between "tools" and "machines," or require an exact definition of either of those words. There is no rule of law that makes the meaning of the word "tool," as used in a policy of insurance, at all dependent upon the cost or value. We think therefore that, without doing any violence to the language of the policy, it may be interpreted as covering all patterns which from their size and shape admit of being applied and managed by the hands of one man.

In the second case, the policy must be considered as covering everything that falls within the general description of " tools." If we may judge of the list. of excepted articles by the rule " *noscitur a sociis*," the enumeration of " jewels, plate, watches, medals, patterns, sculpture, casts, models, or curiosities," as articles to which the policy does not apply, would not prevent a general insurance of the plaintiffs' tools from being held to cover everything that comes within that description, even though some of the tools were usually known under the name of patterns. That word in this latter policy is descriptive of figures, drawings, or models which are to be copied, and not of implements used directly in manufacturing processes.    For these reasons we think that the plaintiffs' construction of the policies is the correct one, and that they are entitled to judgment for the increased amount according to the terms of the agreement.

*Judgment accordingly.*