The action was to recover loss by fire. The policy of insurance introduced by plaintiff contained the following provisions:
"This Company shall not be liable for loss to accounts, bills, currency, deeds, evidences of debt, money, notes or securities, nor, unless liability is specifically assumed hereon, for loss to awnings, bullion, casts, curiosities, drawings, dies, implements, jewels, (644) manuscripts, medals, models, patterns, pictures, scientific apparatus, signs, store or office furniture or fixtures, sculpture, tools, or property held on storage or repair."
The typewritten description of property is as follows: On his stock of cloths, cassimeres, clothing, trimmings and all other articles usual to a merchant tailor's establishment, contained in the two[story] brick and frame shingle-roof building occupied by assured and situated on the corner of Third and Liberty streets, Winston, N.C." Seventy-five per cent coinsurance clause attached to policy.
The plaintiff claimed damages on his suitings $654, and on his trimmings $98.83, making a total on suitings and trimmings of $652.83, and on patterns as follows:
481 coat patterns, at $1 ............................ $481.00 30 overcoat patterns, at $1.50 ..................... 45.00 450 pants patterns, at 50 cents ..................... 225.00 180 vest patterns, at 50 cents ...................... 90.00 ------- Total amount of damages claimed for patterns ... $841.00
The following was the testimony as to patterns: "Patterns are made after I take the measure. I then cut a pattern out of paper, *Page 398 
called pattern paper, for the customer; then cut out the cloth and baste up the suit, and if the suit does not fit I alter the pattern to suit. After making the suit I mark the customer's name on the pattern and file it away. I had patterns for customers who buy my clothes. I cut them myself; did not buy them. They were useful to me in making clothes for my regular business. All of them are destroyed. I have customers in Goldsboro and Wilson and other (645) places in eastern North Carolina. I came from that section. I worked about twenty hands and did all the cutting myself. I could not well get along without patterns."
Upon cross-examination plaintiff testified: "I use these patterns for making clothes for other persons besides those for whom they were cut. Some of these patterns were eighteen years old. I do not know how many customers are dead for whom these patterns were cut; I keep no record; there may be 350 dead. The patterns were worth something, even if they were dead. Styles change very year."
William Beard testified: "Patterns are used in a merchant tailor's establishment. All tailors usually keep patterns; can't well get along without them."
The defendant introduced no testimony.
The issues and responses were as follows:
1. "Did the plaintiff comply on his part with the stipulations in the policy regarding the appraisement and arbitration?" Answer: "Yes."
2. "Did the plaintiff furnish the inventory required by the policy?" Answer: "Yes."
3. "Did the defendant, through its agent, waive the stipulation as to inventory?" Answer: "Yes."
4. "What damages, if any, is plaintiff entitled to recover on account of loss under said policy?" Answer: "Loss and damages on account of merchandise and goods, $752; loss and damage on account of patterns, $360."
The plaintiff moved for a judgment on the verdict. His Honor gave judgment for the plaintiff for damages and loss on goods and merchandise but refused to give judgment for loss on account of destruction of patterns. The jury having found the value of the patterns $360, and there being $2,500 insurance in all, and the defendant (646) company having issued its policy for $2,000, the motion of plaintiff, which was refused, was for four-fifths of $360. The plaintiff excepted to the judge's ruling and appealed.
When there is a conflict between the written part of the policy and the printed part, as, for instance, if the "tailor's patterns" had been named as insured, and the printed general exception had excluded any liability, as it does for "patterns," then the written part of the policy would govern (1 May Ins., 177, and numerous cases cited; Wood Fire Ins., p. 153, note 3); or if it were doubtful whether the "patterns" were embraced in the general exception, the doubt must be resolved in favor of the insured. 1 May, supra, sec. 175, and cases cited. But here the property insured is described as the plaintiff's "stock of cloth, cassimeres, clothing, trimmings and all other articles usual in a merchant tailor's establishment." "Patterns" are not named as being insured. They could only come with the words "all other articles," and when that construction is asked to be placed upon the contract we find in another part of the contract an express stipulation that "patterns" are not to be construed as covered by that policy. It is not the case of a conflict between the words of the written and printed parts of the policy, nor is it the case of a doubtful exception, but upon the face of the policy "patterns" are not specially included by name, and they are specially agreed to be excluded.
 No Error. (647)