HOWARD F. BERTINE, Plaintiff, *v.* NORTH RIVER INSUR-
ANCE COMPANY, Defendant.

(Supreme Court, New York Trial Term, March, 1917.)

Insurance (fire)— policy of — meaning of "specifically assumed "—
actions — trial — when motion for verdict denied.

> Whatever is embraced within the real meaning of the written
> portions of a policy of fire insurance designed to express the
> actual risk assumed is a "special" provision intended to satisfy
> printed conditions of exemptions from a risk.
>
> Where the printed clause of a policy of fire insurance on
> machines and machinery of every description provides that
> the insurer shall not be liable for "loss to  *  *  *  patterns"
> unless liability is specifically assumed, and in the typewritten
> part of the policy the character of the risk assumed is stated
> to be "on all appurtenances, apparatus and supplies used in
> the business of the assured," liability for a loss on "patterns"
> which were models of castings to be formed for the assembling
> of printing presses in the course of the usual business of the
> assured was "specifically assumed" within the meaning of the
> policy.

MOTION for the direction of a verdict in an action
on a policy of fire insurance.

Lewis H. Freedman and Francis C. Nickerson, for
plaintiff.

Joab H. Banton, for defendant.

ERLANGER, J.   The plaintiff is the assignee of a
claim upon an insurance policy, issued by the defend-
ant to the American Autopress Company, whereby the
latter was insured against a fire loss "on machines
and machinery of every description  *  *  *  and on
all appurtenances, apparatus and supplies used in the
business of the assured, all while contained in any
place, point or building in the United States or Canada,
including while in transit."

A loss occurred upon a quantity of " patterns," which, as appears, were models of castings, to be formed for the assembling of printing presses in the course of the usual business of the assured, the castings being made in moulds formed by the use of the " patterns." It is obvious that, as a matter of ordinary intention, these patterns fell within the direct scope of the phrase " all appurtenances, apparatus and supplies used in the business of the assured," as employed in the typewritten part of the policy which thus specified the character of the risk assumed.

It is contended by the defendant, however, that property of this exact character was expressly excluded from the risk by the printed clause, in the body of the policy, which provided " this company shall not be liable for loss to accounts, bills, currency, deeds, evidences of debt, money, notes or securities; nor, unless liability is specifically assumed hereon, for loss to awnings, bullion, casts, curiosities, drawings, dies, implements, jewels, manuscripts, medals, models, patterns, pictures, scientific apparatus, signs, store or office furniture or fixtures, sculpture, tools or property held on storage or for repairs;   *   *   *."

The question is, therefore, whether liability for a loss on " patterns " was " specifically assumed " by the typewritten clause first quoted, within the meaning of the policy. In my opinion, it was. The principle is quite well established that, as between the printed form of an insurance policy, containing words of exemption from a risk, and the written portions designed to express the actual risks assumed, the latter expression controls, and whatever is embraced within the real meaning of the general words, so written, is a " special " provision intended to satisfy the printed conditions. *Harper* v. *Albany Mutual Ins. Co.,*

17 N. Y. 194; *Harper* v. *New York City Ins. Co.*, 22 id. 441; *Hall* v. *Insurance Co. of North America,* 58 id. 292; *Chadsey* v. *Guion,* 97 id. 333, 339; *Kratzenstein* v. *Western Assurance Co.*, 116 id. 54. Here the defendant company expressed its intention to assume a specified risk upon the " machinery " of the assured and on " all appurtenances, apparatus and supplies " used in its business. This risk it did " specifically assume," although in comprehensive words, and the " patterns " were within the risk so assumed. Nothing in the policy required that the property covered should be " specifically enumerated " to include patterns, and, within the rule of the authorities above cited, I have no doubt that the plaintiff is entitled to a recovery. These patterns were certainly " appurtenances " to the business or to the machinery. Indeed, they would probably fall within the description of " machinery " if that term were employed alone. *Buchanan* v. *Exchange Fire Ins. Co.*, 61 N. Y. 26, 33. The case of *Johnston* v. *Niagara Fire Insurance Co.*, 118 N. C. 643, cited for the defendant, proceeded upon the use of the words " other articles," not necessarily related to " appurtenances," and may thus be distinguished, but so far as it suggests a construction which might aid the defendant it is opposed to the well-reasoned authority of *Furlong & Meloy* v. *North British & M. Ins. Co.*, 136 Iowa 468, and to the rule applied in this state in the cases to which I have referred.

My conclusion is that the plaintiff has established his cause of action and that the defendant's motion for the direction of a verdict should be denied. Verdict directed for plaintiff in the sum of $2,124.33, as of March 1, 1917, the day of trial.

Motion denied.