HOWARD F. BERTINE, Respondent, v. THE NORTH RIVER INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

First Department, December 31, 1917.

**Insurance — policy of fire insurance construed — provision that insurer shall not be liable when property of assured is destroyed on premises of other persons.**

Where a policy of fire insurance, while covering certain appliances used in the business of the assured, including patterns, expressly provided that the " policy does not cover in premises where assured's property is being manufactured," the insurer is not liable for the value of patterns owned by the assured which were destroyed while in the foundry of another person to which they had been sent for use in manufacture.

SHEARN and PAGE, JJ., dissented in part as to construction of policy.

APPEAL by the defendant, The North River Insurance Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of April, 1917, upon the verdict of a jury rendered by direction of the court.

*Joab H. Banton,* for the appellant.

*Lewis H. Freedman* of counsel [*Francis C. Nickerson* with him on the brief], *Joline, Larkin & Rathbone,* attorneys, for the respondent.

SMITH, J.:

The action is brought upon an insurance policy for the recovery of the value of certain patterns which were owned

by the American Autopress Company and which were destroyed by fire. The plaintiff is the assignee of said Autopress Company, whose place of business is in the borough of Manhattan, its business being to manufacture machinery and printing presses, the latter being known as "autopresses." In this business certain patterns were used. These patterns were sent to the Syracuse foundry to have the parts made in accordance therewith, and the completed parts were returned to the Autopress Company in the borough of Manhattan. By reason of a fire in the Syracuse foundry these patterns were burned, and it is to recover for the loss of them that this judgment has been recovered.

In the policy in question, as in all the New York standard fire policies, appears the following clauses:

"This company shall not be liable for loss to accounts, bills, currency, deeds, evidences of debt, money, notes or securities; nor, unless liability is specifically assumed hereon, for loss to * * * models, patterns, * * *."

Under the policy was a typewritten slip which was prepared by the broker who got the insurance, for the Autopress Company. That typewritten slip reads as follows:

"On machines and machinery of every description, the property of the assured or held in trust or on commission or on joint account with others or consigned to assured by others or sold but not delivered or removed or for which the assured may be liable in the event of loss or damage by fire and on property of others held on storage or for repairs and on all appurtenances, apparatus and supplies used in the business of the assured, all while contained in any place, point or building in the United States and Canada, including while in transit.

"Privilege to do such work as is usual to the business of the assured. It is understood and agreed that this policy does not cover property that is specifically insured, excepting for the excess amount. Other concurrent insurance permitted without notice until required. It is understood and agreed that this policy does not cover for more than $2,000 for any one loss. It is understood and agreed that the amount of this policy can be added to from time to time, such additions to be figured at *pro rata* until expiration. It is understood

and agreed that this policy does not cover in premises where assured's property is being manufactured."

The defendant's attorney apparently mainly relies upon his contention that liability was not specifically assumed for these patterns, and, therefore, that the exception excluded them from the purview of the policy. Upon this contention I think the defendant is overborne by authority. These patterns were included in the appurtenances and apparatus used in the business of the assured, and the coverage clause insuring both the machinery and the appurtenances and apparatus used in the business of the assured would seem to specifically cover these patterns. (*Lovewell* v. *Westchester Fire Ins. Co.*, 124 Mass. 418; *Adams* v. *New York Bowery Fire Ins. Co.*, 85 Iowa, 8, 13; *Furlong & Meloy* v. *Insurance Co.*, 136 id. 468; *Harper* v. *Albany Mut. Ins. Co.*, 17 N. Y. 194; *Bryant* v. *Poughkeepsie Mut. Ins. Co.*, Id. 200; *Hall* v. *Ins. Co. of North America*, 58 id. 292.)

I am unable to see, however, why the defendant is not freed from liability by the last sentence of the coverage clause, wherein it is agreed that the policy should not cover in premises where assured's property is being manufactured. As before stated, this was in a typewritten slip that was prepared by the broker and consented to by the company. It is difficult to see what effect can be given to this clause unless it be held to exempt the defendant from liability in the very case in question. There is no doubt that the molding of the parts from these patterns at the foundry in Syracuse was a part of the manufacture of the assured's property. These patterns were in the foundry where this manufacturing was proceeding, and it was by reason of the fire in that foundry that they were burned. It would seem clear to me that this provision in the coverage clause meant to exclude liability from danger of fire in the course of manufacture, and applied specifically to the situation presented in this case, where the loss occurred by reason of the fire in premises where the property of the assured was being manufactured.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., and SCOTT, J., concurred.

SHEARN, J. (concurring):

I vote to reverse the judgment and dismiss the complaint upon the ground that the policy of insurance provided that the defendant should not be liable for loss to patterns, and no liability therefor was specifically assumed in the coverage clause.

PAGE, J., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.