EXCELLO CLOTHING COMPANY, A CORPORATION, RESPONDENT, v. MARQUETTE NATIONAL FIRE INSURANCE COMPANY OF CHICAGO, ILLINOIS, APPELLANT.

Argued November 9, 1922—Decided March 5, 1923.

1. The law will not make a better contract for parties than they themselves have seen fit to enter into or alter it for the benefit of one party and to the detriment to the other. The judicial function of a court of law is to enforce a contract as it is written.

2. There can be no recovery for the destruction of "patterns," where one part of the policy insured "machines and machinery of every description and all tools, utensils, articles, implements and appurtenances used in the business not herein specifically mentioned," and another part of the policy provides that the company "shall not be liable for loss to patterns unless liability is specifically assumed hereon," and nowhere in the policy was liability specifically assumed for loss to patterns.

On appeal from the Passaic County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Lum, Tamblyn & Colyer* (*Ralph E. Lum* on the brief).

For the respondent, *William Everett* and *Joseph T. Lieblich.*

The opinion of the court was delivered by

TRENCHARD, J. The facts in this case, which have been agreed upon, are briefly as follows:

The defendant-appellant, on January 13th, 1921, issued a policy of insurance to the plaintiff, insuring the plaintiff against loss or damage by fire in the sum of $2,500, covering property of the plaintiff in Passaic. The policy is in the New Jersey standard form.

On January 12th, 1922, the property insured was damaged or destroyed by fire.

The sole question in the case was whether or not certain patterns, made of heavy papers and used in the cutting of cloth, were covered by the policy.

The parties agreed that the loss or damage sustained was $1,119.57 if the patterns were excluded; that it was $1,990.57 if the patterns were included.

The trial judge, sitting without a jury, rendered judgment for the plaintiff for $1,990.57, holding that the patterns were within the terms of the policy.

We are of the opinion that the learned trial judge, in so holding, was in error.

The description of the property actually insured, as stated in the policy under the heading "Merchandise Form," is as follows:

"$2,500—On store, office and workroom furniture and fixtures of every description, including counters, shelving, show cases, railings and partitions; signs and awnings inside and outside of building, iron safes, advertising and office supplies, mirrors, pictures and their frames, wearing apparel of the assured and employees, ice boxes, rugs and carpets, gas and electric fixtures, tapestries, hangings, shades, plants, typewriters, cash registers, machines and machinery of every description, improvements to building, and all tools, utensils, articles, implements and appurtenances used in the business not herein specifically mentioned, all contained in and on the brick building, extensions and additions thereto adjoining and communicating and in vaults, and on and under the sidewalks, situate No. 128-130 Third street, Passaic, New Jersey. Occupied as a store and dwelling and light manufacturing. Privileged to do such work and to use such materials as are used in the business of the assured. It is understood and agreed that this insurance shall cover the assured as now or hereafter constituted. This policy also covers signs on plate glass windows."

The policy also provides:

"This company shall not be liable for loss to accounts, bills, currency, deeds, evidences of debt, money, notes, or securities; nor, unless liability is specifically assumed hereon, for loss to awnings, bullion, casts, curiosities, drawings, dies, implements, jewels, manuscripts, medals, models, patterns, pictures, scientific apparatus, signs, store or office furniture or fixtures, sculpture, tools, or property held on storage or for repairs; nor beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of buildings, or by interruption of business, manufacturing processes, or otherwise; nor for any greater proportion of the value of plate glass, frescoes, and decorations than that which

this policy shall bear to the whole insurance on the building described."

In other words, the policy specifically states that there shall be no liability for the loss of patterns unless liability therefor is specifically assumed in the policy, and nowhere in the policy is there any liability specifically assumed for patterns. The trial court nevertheless held that the plaintiff was entitled to recover the loss sustained by reason of the damage to the patterns, apparently upon the ground that the same were included in and covered by the policy under the designation of "machines and machinery of every descrip.ion * * * and all tools, utensils, articles, implements and appurtenances used in the business not herein specifically mentioned."

We think that this was erroneous, inasmuch as the policy specifically provides that no liability for damage to patterns is assumed unless the policy specifically so states, and the policy does not so specifically state.

Now the law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce a contract as it is written. *Kupfersmith* v. *Delaware Insurance Co.,* 84 N. J. L. 271.

In respect to patterns, certainly, the policy is not ambiguous, but its meaning is clear. It specifically states what is covered, enumerates each article, and concludes with the following provisions: "and all tools, utensils, articles, implements and appurtenances used in the business not herein specifically mentioned." There is no possibility of construing this phraseology to cover patterns. It is not possible because of the following provision in the policy: "This company shall not be liable for * * * nor unless liability is specifically assumed hereon, for loss to * * * patterns * * *."

It can readily be seen from the accurate wording of this clause of the policy that it was the intention of the insurance company, made plain by the terms of the policy, not to in-

demnify the assured against any loss to patterns unless the policy specifically assumed the liability upon patterns, and nowhere in the policy is there any term or clause in which the insurance company assumes to pay any loss the insured may suffer by reason of damage to patterns.

In *Johnson* v. *Niagara Fire Insurance Co.*, 24 *S. E. Rep.* 424, the Supreme Court of North Carolina holds:

"Where there is conflict between the written part of the policy and the printed part, as for instance, if the 'tailor's patterns' had been named as insured, and the printed general exception had excluded any liability, as it does, for 'patterns,' then the written part of the policy would govern * * *. Or, if it were doubtful whether the 'patterns' were embraced in the general exception, the doubt must be resolved in favor of the assured. * * * But here the property insured is described as the plaintiff's stock of cloth, cassimeres, clothing, trimming, and all other articles usual in the merchant tailor's establishment. 'Patterns' are not named as being insured. They could only come within the words 'all other articles;' and when that construction is asked to be placed upon the contract, we find in another part of the contract an express stipulation that 'patterns' are not to be construed as covered by the policy. It is not a case of a conflict between the words of the written and printed parts of the policy, nor is it the case of a doubtful exception; but on the face of the policy 'patterns' are not specially included by name and they are specially agreed to be excluded."

The situation in the case just quoted is on all fours with the situation in the present case and the logic and reasoning upon which the opinion is based is irrefutable.

We have examined the case of *Lovewell* v. *Westchester Insurance Co.*, 124 *Mass.* 418 (and cases citing and following it), but that case is not quite in point, since it seemed to turn upon a finding that the patterns (used in moulding) were tools because of their size and shape and character, and we are not disposed to follow it.

The judgment under review will be reversed and a new trial awarded.