EXCELLO CLOTHING COMPANY, APPELLANT, v. MARQUETTE NATIONAL FIRE INSURANCE COMPANY, RESPONDENT.

Argued June 27, 1923—Decided May 19, 1924.

The coverage clause on the "merchandise form" attached to a policy of fire insurance provided for a liability of *"nil"* on stock of merchandise, and $2,500 on furniture and fixtures and a number of other kinds of articles, "and all tools, utensils, articles, implements and appurtenances used in the business not herein specifically mentioned." *Held*, that the policy covered paper patterns used in the business of a manufacturing clothier, although the word "patterns" occurred in a list of articles in the printed body of the policy, as to which the printed portion provided the company should not be liable "unless liability is specifically assumed thereon."

On appeal from the Supreme Court, whose opinion is reported in 98 *N. J. L.* 327.

For the appellant, *Joseph T. Lieblich.*

For the respondent, *Ralph E. Lum.*

The opinion of the court was delivered by

PARKER, J.    The question is purely one of the construction of the language of a fire insurance policy relating to the description of the property insured.    The special language of the rider or slip designated "merchandise form" and of the alphabetical catalogue of articles not covered "unless liability is specifically assumed thereon," is set forth in the opinion of the Supreme Court, and need not be repeated. But as we reach an opposite result in the disposition of the case, it is proper to point out, in a prefatory way, that plaintiff's business was that of a manufacturer of clothing, as distinct from a merchant tailor, and that the policy specifically assumed no risk whatever on the stock of merchandise, the word *"nil"* being attached to that clause on the "merchandise

form." The risk was, therefore, applicable exclusively to property covered by the paragraph quoted by the Supreme Court. The decision of that court, as we understand it, while recognizing. at least *sub silentio,* the rule that written portions of the insurance contract override the printed portions when the two are in conflict (26 *C. J.* 76), and the cognate rule, which seems fairly well established, and which we think is correct, that the "rider" or special descriptive clause attached to a policy is entitled to similar preference (*Ibid.* 77), held that when patterns were excluded in the catalogue printed in the body of the policy, they could not be considered covered unless the policy specifically states that liability is assumed thereon, and that the policy does not specifically so state.    .

The language of the policy will bear a careful scrutiny. It says: "Nor, unless liability is specifically assumed hereon, for loss to awnings" (then follows the alphabetical catalogue, which includes drawings, dies, implements, models, patterns and tools). The questions, then, seem to be whether there could be, and if so, whether there was, a specific assumption of liability on patterns without actually using that word therein; and, perhaps, whether by the rider, or by a written clause. the non-assumption paragraph might not be entirely overborne.

We think it would be contrary to sound canons of construction of written instruments to say that only a specific mention of the "patterns" will avail to nullify the printed exception. Suppose, for example, the written part, or the rider, described "all personal property of every description contained in the premises, without regard to any exception stated in the body of this policy." We venture to say that no alphabetical catalogue of exceptions would stand against that. If this be so, then it follows that language can be invoked to countervail the alphabetical clause without specific mention of articles catalogued therein; and the question will then be as to what language is sufficient to express an intent that the catalogue is to be disregarded *pro tanto* or *in toto,* and, in solving this, heed should be given to the rule that,

in case of doubt, the construction favorable to the assured is to be adopted. *Harris* v. *Casualty Co.*, 83 *N. J. L.* 641; *Bohles* v. *Prudential Insurance Co.*, 84 *Id.* 315. Now, when the insured received and paid for a policy wherein the coverage clauses excluded stock of merchandise and included "all tools, utensils, articles, implements and appurtenances used in the business not specifically mentioned," this, in our view, amounted to saying that neither the insurer nor the insured intended to stand on alphabetical catalogues or itemized inventories, but that both intended to cover all "articles used in the business not specifically mentioned," which, indisputably, would include the patterns. It is true that "tools" and "implements" are mentioned in both the policy and the rider, but any argument on this score is fairly met by noting that neither "articles" nor "utensils" nor "appurtenances" are mentioned in the body of the policy. The clause "not herein specifically mentioned" has just been noticed.

The question is novel in this state, and there seems to be no outside decision precisely in point. In *Johnston* v. *Insurance Co.*, 118 *N. C.* 643, the description of coverage was "stock of cloth, cassimeres, clothing, trimmings, all other articles usual in a merchant tailor's establishment," and it was held that this did not include a merchant tailor's patterns as against a catalogue clause excepting them. The language of the coverage is not the same as in the case at bar, nor are the circumstances. In *Lovewell* v. *Westchester Insurance Co.*, 124 *Mass.* 418, the coverage was on "fixed and movable machinery, engines, lathes and tools," and patterns for casting were held included as against a non-liability clause mentioning "patterns." We reach the same result as in the Massachusetts case, but on the somewhat broader ground, that the language of the coverage clause plainly indicates an intent to insure generally all articles and appurtenances used in the business, including patterns, without regard to catalogued exceptions in the body of the policy.

The judgment of the Supreme Court will be reversed and that of the Common Pleas affirmed.

*For affirmance*—THE CHANCELLOR, BLACK, KATZENBACH, JJ. 3.

*For reversal*—PARKER, MINTURN, KALISCH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 10.