JACOB BREEN, Plaintiff, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.

First Department, November 28, 1924.

Insurance — fire insurance — action on policy — policy specifically exempted liability for loss of " patterns " unless specifically assumed — rider prepared by insured covering stock, materials and supplies of every description and accepted by insurer did not cover " patterns."

An insurer does not, by a rider prepared by the insured and attached to a policy of fire insurance which states that the insurance covers stock, materials and supplies of every description, specifically assume liability for the loss of " patterns " by fire under the terms of a provision in the policy which exempts the insurer from liability for the loss of " patterns," unless specifically assumed; in order to impose liability, the rider should have used the specific term " patterns " or at least some other term so clearly descriptive of " patterns " as to leave no doubt that the insurer accepted them as part of the risk assumed by it.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure which is now section 546 of the Civil Practice Act.

*Abraham. M. Davis* [*Jacob Harris* of counsel], for the plaintiff.

*Solomon J. Rosenblum,* for the defendant.

DOWLING, J.:

On or about January 26, 1920, a corporation known by the name of Harris J. Cohn Company, plaintiff's assignor, applied to the defendant for insurance in the sum of $2,000 " On stock, materials and supplies of every description, while in the custody of Quaker Cloak Company, manufacturers of clothing, situate on Gershal Avenue, Norma, Salem County, New Jersey," and then and there submitted to the defendant a form or rider containing the words above quoted to be attached to the policy of insurance applied for.

The defendant approved the said application and accepted the

said form or rider and attached it to a policy of insurance and issued that policy to the Harris J. Cohn Company. A copy thereof is printed in the record herein marked Exhibit "A."

The policy of insurance so issued is in the standard form of the State of New Jersey and contains the provisions required by the laws of that State to be contained in all policies of insurance covering property located within that State, and among its provisions is the following: " This company shall not be liable for loss to accounts, bills, currency, debts, evidences of debt, money, notes or securities; nor, unless liability is specifically assumed hereon, for loss to awnings, bullion, casts, curiosities, drawings, dies, implements, jewels, manuscripts, medals, models, patterns, pictures, scientific apparatus, signs, store or office furniture or fixtures, sculpture, tools,    *    *    *."

The insured was engaged in the manufacturing of clothing. The Quaker Cloak Company, the company mentioned in the rider, was a subcontractor, manufacturing clothing for the assured and for the purpose of such manufacture the assured delivered to the Quaker Cloak Company the stock trimmings, materials and patterns.

During the lifetime of the policy a fire occurred at the premises covered by it which damaged and destroyed a quantity of patterns belonging to the assured and which it had delivered to said Quaker Cloak Company in order to enable it to manufacture clothing for the assured.

The assured presented a claim for the loss of such patterns and duly complied with all the terms of the policy in respect to proof of loss and is entitled to recover from the defendant the value thereof, which is agreed to be $1,000 if the policy insured those patterns.

The defendant denied and still denies any liability for the destruction of the patterns upon the ground that its policy provided that it shall not be liable for the loss of patterns unless liability therefor is specifically assumed under the policy and that no such liability was specifically assumed.

The plaintiff, however, claims that such liability was specifically assumed because " patterns " are comprehended within the words " on stock and materials of every description."

I am of the opinion that the plaintiff cannot recover upon this policy. The policy, which is in the New Jersey standard form, expressly exempts the insurer from liability for a loss to patterns (among other things), unless liability was specifically assumed thereon. The defendant, therefore, never became liable for a loss to patterns under the express terms of its policy. It could only become so liable in case it expressly assumed that liability by some

additional instrument. Plaintiff undertook to extend defendant's liability by the rider, which it submitted to defendant, and which the latter accepted. But that rider did not in terms extend defendant's liability to a loss to patterns. It only covered " stock, materials and supplies." To impose upon defendant a liability for the loss to patterns, which was categorically exempted from the policy, unless specifically assumed, I am of the opinion that either the rider should have used the specific term " patterns," or at least some other term so clearly descriptive of patterns as to leave no doubt that defendant accepted them as part of the risk assumed by it. Plaintiff cannot complain of failure to properly include them as part of the risk. His assignor had the standard form of policy before it, saw that patterns were therein listed as outside the liability assumed, and when it prepared its rider, only had to include patterns therein by that designation or some satisfactory but plainly applicable description. If defendant accepted the rider, it would be bound thereby; if it rejected it, plaintiff's assignor could have sought satisfactory insurance elsewhere.

Defendant cites the case of *Bertine* v. *North River Ins. Co.* (180 App. Div. 866). In that case this court did hold that patterns were included in the phrase " all appurtenances, apparatus and supplies used in the business of the assured." But two justices dissented upon the ground " that the policy of insurance provided that the defendant should not be liable for loss to patterns, and no liability therefor was specifically assumed in the coverage clause." But defendant was held to be released from liability under another clause of the policy because the patterns were destroyed by fire while in premises where the assured's property was being manufactured. The judgment in favor of the assured was, therefore, reversed and the complaint dismissed. That dismissal was affirmed without opinion in 229 New York, 642. In that case, however, the language of the rider was different from the instant case. There the rider covered " appurtenances, apparatus and supplies." The opinion of the court did not attach any importance to the term " supplies," but put its conclusion on the terms " appurtenances " and " apparatus," and held that those words covered the patterns there in suit. In the case now before us the language used is " stock, materials and supplies." Disregarding the word " supplies," to which the court before attached no importance, we have left " stock " and " materials." I do not believe patterns can be fairly held to be included within those two terms. The words " appurtenances and apparatus " upon which the court relied in its opinion in the *Bertine Case* (*supra*) are not present in the policy now before us.

In my opinion the policy in question with its accompanying rider did not insure plaintiff against loss to patterns.

Judgment should be directed in favor of defendant, without costs.

CLARKE, P. J., MERRELL, FINCH and MCAVOY, JJ., concur.

Judgment directed in favor of defendant, without costs. Settle order on notice.